IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF LINCOLN,

ARGUED AT MAY TERM, 1843.

## James Barker *versus* Moses Whittemore & *al.*

Under the provisions of the Revised Statutes, where an action of trespass, *quare clausum*, is originally commenced before a justice of the peace, and on soil and freehold being there pleaded, is removed, without trial, into the District Court, an appeal lies to the Supreme Judicial Court from the judgment of the District Court.

THIS was an action of trespass, *quare clausum*, and was originally commenced before a justice of the peace, where title to real estate in the defendant was pleaded in defence, and the case was removed, without trial, to the District Court pursuant to the provisions of Revised Statutes, c. 116, § 3, 4, 5. A trial was had in the District Court, and a verdict was there given for the defendant, and the plaintiff appealed from the judgment rendered thereon, with the assent of the District Judge. The plaintiff entered his appeal in this Court and the defendants filed a motion to dismiss the action, on the ground that the appeal was not permitted by law. In the agreed statement of facts, reference was made by the counsel to Revised Statutes, Act of Amendment of April 16, 1841, § 12, page 764; St. 1821, c. 76, § 11; St. 1839, c. 373, § 4; Rev. St. c. 97, § 13; Rev. St. c. 96, § 16.

Baker *v.* Whittemore.

*Everett,* for the defendants.

*Moody,* for the plaintiff.

The opinion of the Court was by

Whitman C. J. — It is questioned, by the counsel for the defendant, whether an appeal from the District Court, in this case, can be sustained. The action is trespass *quare clausum;* and was brought into that court, from before a justice of the peace, in the manner prescribed when soil and freehold are there set up in defence. By the statute of 1821, c. 76, § 11, an appeal, in such case was expressly provided for from the decision of the Court of Common Pleas to this Court, and under the same provision an appeal might be taken from the District Court, subsequently established, to this Court. When the Revised Statutes were enacted no such special provision was re-enacted. But a general provision (c. 97, § 13,) was made for an appeal from the judgment of the District Court in any action of *trespass on lands.* This language is sufficiently comprehensive to embrace this case ; for it is an action of *trespass on lands.* And it may well be believed, that the special provision was deemed to be superseded by this general provision. Actions *quare clausum,* when the title to real estate is pleaded by the defendant, are not triable before a justice of the peace. The process, in such case, becomes a mode merely of originating the action in the District Court; and is as to every intent and purpose the same as if originated therein. We think therefore that the appeal in this case must be sustained.